**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHAWN B.,<br><br>Claimant,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Respondent. | No. 24 C 12138<br><br>Karyn L. Bass Ehler<br>United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Shawn B.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner"), denying his applications for disability insurance benefits and supplemental security income. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.[3]

## BACKGROUND

On December 13, 2021, Claimant filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of October 15, 2021. (R.15). His applications were denied initially and on reconsideration after which Claimant requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing and then issued her decision

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), he automatically is substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* Joint Consent [ECF No. 8].

on October 3, 2023, denying Claimant's applications for disability benefits and supplemental security income and concluding he was not disabled under the Social Security Act. (R.15-30). Claimant filed an appeal with the Appeals Council, which declined to review the ALJ's decision. (R.1-6). Therefore, the ALJ's decision is the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ must determine if: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since his alleged disability onset date of October 15, 2021. (R.17). At step two, the ALJ found that Claimant had the following severe impairments: schizoaffective disorder, post-traumatic stress disorder, alcohol related disorder, degenerative disc disease of the lumbar spine, and degenerative disc disease of the cervical spine. (R.17-18). At step

three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment. (R.18-21). Before making a determination at step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He must avoid work hazards of unprotected heights and dangerous moving machinery. He can understand, remember, and carry out simple and detailed instructions, but not complex work instructions. He is able to sustain the necessary attention and concentration in two increments throughout the day to sustain simple job duties assuming typical workday breaks. He can make simple work-related decisions. He can respond appropriately to supervision and occasionally work with coworkers. He can have occasional brief interactions with the general public, but he is limited to no customer service work. He is able to work in usual work situations in a routine work setting and is able to deal [with] occasional changes.

(R.21). Based on this RFC, the ALJ found that Claimant was not able to perform his past relevant work. (R.28). At step five, the ALJ concluded that based on Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, and therefore, he is not disabled. (R.28-29).

**STANDARD OF REVIEW**

The district court reviews an ALJ's decision deferentially and must affirm the decision if it is supported by "substantial evidence" which is any "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, a district court must "conduct a critical review of the evidence" before affirming the Commissioner's

decision. *See Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

## ANALYSIS

Claimant argues that he suffers from significant physical and mental impairments that prevent him from working a full-time job, and he asserts several arguments challenging the ALJ's decision, including that: (1) the ALJ erred in discounting the State agency consultant's limitation to one- and two-step tasks; (2) the ALJ did not properly evaluate key mental limitations included in the medical consultants' opinions; (3) the ALJ failed to address inconsistencies between the RFC determination and the examining psychiatric expert's opinion; and (4) the ALJ's subjective symptom analysis is legally deficient. For the reasons discussed below, the Court finds that the ALJ's assessment of Claimant's mental limitations requires remand for two reasons. First, the ALJ's decision to discount the State agency consultant's opinion that Claimant is limited to jobs requiring only one- to two-step instructions is not supported by substantial evidence. Second, the ALJ failed to explain how limiting Claimant to "simple job duties" and "simple work-related decisions" adequately accounted for his moderate limitation in concentration, persistence, or maintaining pace.

### A. The ALJ's RFC Is Not Supported by Substantial Evidence

At the outset, the Court notes that the ALJ acknowledged that Claimant has severe physical and mental impairments as set forth above, but the ALJ concluded that the record evidence "does not corroborate the claimant's alleged functional deficits." (R.23, 24). A claimant's RFC is the maximum work that he can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social

Security Regulation ("SSR") 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Anna-Marie L. v. Kijakazi*, 2022 WL 4610120, at *2 (N.D. Ill. Sept. 30, 2022). An ALJ's RFC findings are intended to capture "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1); *see also Moon v. Colvin*, 763 F.3d 718, 720 (7th Cir. 2014).

Here, the ALJ found that Claimant had a moderate limitation in concentration, persistence, or maintaining pace (R.20), which the ALJ accommodated as follows:

> [Claimant] can understand, remember, and carry out simple and detailed instructions, but not complex work instructions. He is able to sustain the necessary attention and concentration in two increments throughout the day to sustain simple job duties assuming typical workday breaks. He can make simple work-related decisions.

(R.21). When making her RFC determination, the ALJ relied on the medical opinions of the State agency psychological consultants, Howard Tin, Psy.D., and Robert Jackson, Ph.D., who both concluded, among other findings, that Claimant had a moderate limitation in concentration, persistence, or maintaining pace. (R.20, 25). Specifically, the ALJ noted:

> [The State agency psychological consultants] found that the claimant can carry out short and simple instructions. They found that the claimant was limited to work tasks that require interaction with the general public. They found that the claimant was capable of performing simple tasks. They found that the claimant [had the] ability to respond appropriately to changes in work settings. Dr. Tin found that the claimant was capable of performing simple, routine tasks. However, Dr. Jackson found the claimant was capable of performing simple, routine tasks of 1-2 steps. The undersigned finds these opinions largely persuasive in that they restrict the claimant to unskilled work with social restrictions, which is supported by and consistent with the evidence of record. It appears that the State agency psychological consultants use of "1-2 step tasks" is shorthand for unskilled work as it is a vague term and is not consistent [with] any SSA regulation or policy.

(R.25). The ALJ found the State agency consultants' opinions to be "largely persuasive," but she discounted as "vague" Dr. Jackson's opinion that Claimant was limited to "simple, routine tasks

of 1-2 steps." (R.25). Instead, the ALJ explained that in this case "1-2 step tasks" refers to "simple work instructions as part of the definition of unskilled work." (R.26).

Contrary to the ALJ's assertion, however, there is case law in this district that finds that a limitation to a "one- to two-step tasks" is not vague, and other courts have concluded that an ALJ's assertion that a State agency consultant's limitation to "one- to two-step tasks" is "vague" is an insufficient reason to discount it. *See Tincher v. Berryhill*, 2018 WL 472447, at *6 (N.D. Ill. Jan. 18, 2018) (citing cases). Indeed, other courts have found that "[o]ne- to two-step tasks function as a term of art in the Social Security context." *Schlattman v. Colvin*, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014); *see also Tincher*, 2018 WL 472447, at *6. Because the Department of Labor's Dictionary of Occupational Titles ("DOT") defines a Reasoning Development Level 1 as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" (1991 WL 688702), courts repeatedly have interpreted a restriction to one- to two-step tasks to limit a claimant to Reasoning Level 1 jobs. *Id.*; *see also Brad H. v. Kijakazi*, 2022 WL 4448818, at *3 (N.D. Ill. Sept. 23, 2022); *Deborah B. v. Kijakazi*, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022); *Wyatt v. Colvin*, 2015 WL 3919058, at *8 (N.D. Ill. June 24, 2015); *Schlattman*, 2014 WL 185009, at *7. By contrast, the DOT defines Reasoning Development Level 2 as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Schlattman*, 2014 WL 185009, at *7 (quoting DOT, 1991 WL 688702). For these reasons, courts have found that a restriction to "simple work" could include jobs with a Reasoning Level of 2 or higher. *See, e.g.*, *Deborah B.*, 2022 WL 1292249, at *2.

In the Court's view, the ALJ did not build a logical bridge from the evidence to her conclusion that Dr. Jackson's opinion that Claimant is limited to one- and two-step tasks was vague and not deserving of the same weight as the rest of his opinion. While an ALJ is not required to

follow any particular recommendation about a claimant's ability to work, she must "build an accurate and logical bridge from the evidence to the conclusion." *Berger*, 516 F.3d at 544. Because the ALJ's rejection of Dr. Jackson's opinion is not supported by substantial evidence, the Court finds that her decision cannot stand. *See Villano*, 556 F.3d at 562. In addition, the Court also concludes that the ALJ's rejection of Dr. Jackson's assessed limitation is not harmless because all three jobs that she found Claimant could perform—collator operator (DOT 208.685-010), price/merch marker (DOT 209.587-034), and cafeteria attention (DOT 311.677-010)—require Level 2 reasoning. (R.29). Because the Court finds that the ALJ's RFC determination is not supported by substantial evidence based on her improper rejection of Dr. Jackson's opinion that Claimant was limited to "simple, routine task of 1-2 steps" (R.25), the Court cannot say whether the ALJ could have found any jobs for Claimant if the vocational expert had limited the inquiry to Level 1 reasoning jobs. Remand is, therefore, appropriate for these reasons.

### B. The ALJ Failed to Explain How the RFC Accounts for All of Claimant's Mental Limitations

The Court also finds that the ALJ's mental RFC assessment is legally deficient because the ALJ failed to explain how her RFC determination accommodated Claimant's moderate limitation in concentration, persistence, or maintaining pace. Here, the ALJ specifically found that Claimant "is able to sustain the necessary attention and concentration in two increments throughout the day to sustain simple job duties assuming typical workday breaks." (R.21). The law is clear that an ALJ's RFC and hypothetical to a vocational expert must incorporate all the claimant's limitations that the record supports, including any limitations in concentration, persistence, or maintaining pace. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). Although an ALJ does not have to use any specific words, the ALJ must in substance account for all supported limitations (*Id.*), and the Seventh Circuit has said that "[t]he best way to do so is to include the specific limitations in the

RFC and hypothetical." *Keck v. O'Malley*, 2024 WL 3935441, at *3 (7th Cir. Aug. 26, 2024) (citing *Crump*, 932 F.3d at 570).

In this case, although the ALJ concluded that Claimant had a moderate limitation in concentration, persistence, or maintaining pace, the ALJ did not explain how the specific limitations that were included in the RFC accounted for Claimant's limitations. In deciding whether this RFC accounted for Claimant's limitations, *Crump* is instructive. The psychologists in *Crump*, like this case, concluded that the claimant was moderately limited in her ability to maintain attention and concentration for extended periods, and the ALJ fashioned an RFC that limited the claimant to "simple, routine, repetitive tasks with few workplace changes." 932 F.3d at 569. The Seventh Circuit, however, reversed and remanded the ALJ's decision in *Crump* because the RFC did not account for the durational aspect of the claimant's moderate concentration, persistence, or maintaining pace limitations. *Id.* Specifically, the Seventh Circuit explained that "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Id.* at 570. The Seventh Circuit concluded that "limiting [the claimant] to simple, routine, and repetitive tasks with few workplace changes was not enough to address her limitations and ensure that she could maintain the concentration and effort necessary to function in a workplace and otherwise sustain employment." *Id.* at 571.

The Seventh Circuit repeatedly has stated that an RFC does not account for limitations in concentration, persistence, or maintaining pace when it limits a claimant to certain kinds of work without addressing the claimant's ability to sustain that work. *See, e.g., Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *Martin v. Saul*, 950 F.3d 369, 374-75 (7th Cir. 2020); *Decamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019). The Seventh Circuit also has rejected the notion

that a hypothetical confining a claimant to "simple, routine tasks" may not adequately capture a limitation in concentration, persistence, or maintaining pace. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019); *Crump v. Saul*, 932 F.3d 567, 570-71 (7th Cir. 2019) (citing cases); *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014).

In the Court's view, the ALJ here made the same error as the ALJ in *Crump*, and she failed to build a logical bridge between her finding that Claimant had a moderate limitation in concentration, persistence, or maintaining pace and an RFC determination that Claimant is "able to sustain the necessary attention and concentration in two increments throughout the day to sustain simple job duties assuming typical workday breaks." (R.21). It is not clear to this Court what the ALJ means when she says that Claimant is able "to sustain the necessary attention and concentration in two increments" to perform "simple job duties assuming typical workday breaks." *Id.* This says nothing about Claimant's ability to engage in full-time work in a standard eight-hour work shift for a sustained period of time. The Court, therefore, finds that remand is required.

Because remand is required for the reasons discussed above, the Court will not address Claimant's remaining arguments. *See DeCamp*, 916 F.3d at 676 ("Because we determine that the ALJ did not properly evaluate [the claimant's] limitations ... we do not address [the claimant's] other arguments."). The Court is not expressing any opinion about the decision to be made on remand but encourages the Commissioner to do what is necessary to build a sufficient logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions."); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).

## CONCLUSION

For the reasons set forth in the Court's Memorandum Opinion and Order, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 17] is granted, and the Commissioner's Memorandum in Support of Motion for Summary Judgment [ECF No. 21] is denied. In accordance with the fourth sentence of 42 U.S.C. § 405(g), the case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Karyn L. Bass Ehler
United States Magistrate Judge

Dated: August 13, 2026